**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | |
| | * | **Crim. No. 07-160-PJM-1** |
| **GIOVANNI BELL,** | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

On June 16, 2008, a jury convicted Giovanni Bell on five counts: 1) conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; 2) bank robbery, in violation of 18 U.S.C. § 2113 (a) and (d); 3) using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); 4) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and 5) violent felon in possession of body armor, in violation of 18 U.S.C. § 931. On August 29, 2008, the Court sentenced him to mandatory life imprisonment as to Counts 1 and 2, life imprisonment as to Counts 3 and 4, and five years imprisonment concurrent as to Count 5. ECF No. 160. Bell is presently designated to United States Penitentiary, McCreary, in Pine Knot, Kentucky.

On June 21, 2021, Bell filed a motion for compassionate release through counsel, ECF No. 390, and on June 25, 2021, Bell filed a corrected motion for compassionate release, also through counsel, ECF No. 396 ("Motion"). On July 29, 2021, the Government filed a response in opposition to Bell's request, ECF No. 402, and on August 3, 2021, Bell filed a reply to that response, ECF No. 403. The Court now proceeds to consider the merits of Bell's request. For the reasons that follow, Bell's Motions for Compassionate Release are **DENIED**.

I.

Bell seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), which requires him to demonstrate "extraordinary and compelling reasons" to justify the request. Bell's primary argument is that if he were sentenced today, he might not receive the same mandatory life sentence because the federal "three-strikes" law has been used in increasingly rare circumstances. Mot., ECF No. 396, at 1. The Government urges the Court to deny Bell's motion because this alleged sentencing disparity does not meet the "extraordinary and compelling" criteria for a sentence reduction and because other factors warranting a reduction are absent. Opp'n, ECF No. 402, at 17.

Ordinarily, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c) (2018). One exception to the is general rule is the provision for compassionate release, which allows the BOP to seek a modification of a prisoner's sentence from the court. *Id.* § 3582(c)(1)(A). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), modified the compassionate release provision to allow prisoners to seek a sentence reduction directly from the court. This modification permits a court to modify a term of imprisonment if: (1) the petitioner has fully exhausted all administrative remedies or 30 days have passed since the BOP received the request;[1] (2) "extraordinary and compelling reasons" warrant relief; and (3) the sentencing factors set forth in 18 U.S.C. § 3553(a) also support granting relief. 18 U.S.C. § 3582(c)(1)(A).

**A. Extraordinary and Compelling Reasons**

In the Fourth Circuit, district courts are "empowered . . . to consider any extraordinary and compelling reason for release." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020).

---

[1] Bell filed a request for compassionate release with the Warden at his facility on May 13, 2021, which was denied. Accordingly, the Court finds that he has satisfied the exhaustion requirement.

Bell submits that the disparity between his life sentence and the shorter sentences other similarly-situated federal inmates have received is an extraordinary and compelling reason to grant relief. Mot. at 6. Bell's mandatory life-without-parole sentence was required by 18 U.S.C. § 3559(c), known as the federal "three-strikes" law. Enacted as part of the Violent Crime Control and Law Enforcement Act of 1994, the three-strikes provision calls for a mandatory life term of imprisonment for defendants convicted of a serious violent felony who have two or more federal or state serious violent felony convictions or one or more of such felony conviction plus one or more federal or state serious drug conviction. 18 U.S.C. § 3559(c). The statute specifically enumerates the qualifying violent felonies, including robbery. *Id.* Bell argues that the three-strikes law has fallen out of favor over the past decade, and so he would receive a different sentence if he were sentenced today. Mot. at 6–8.

In response, the Government explains that if sentenced today, Bell would still qualify for the same sentencing enhancement based on his four qualifying predicate serious violent felonies. Opp'n at 17. The Government further submits that even without the § 3559(c) enhancements, Bell's applicable guidelines range under the U.S. Sentencing Guidelines would be 360 months to life imprisonment because he was a career offender convicted of a felon in possession offense. U.S.S.G. § 4B1.1(c)(3). Bell maintains that the outcome would be different if he were sentenced today. Mot at. 14–15. But according to the Government, given Bell's numerous prior convictions, including other violent robbery offenses, his so-called sentencing disparity is not an extraordinary and compelling reason justifying a sentence reduction. Opp'n at 20. The Court agrees.

At present, the Court cannot find that Bell has established extraordinary and compelling circumstances sufficient to justify relief. Even if mandatory life sentences based on the three-

strikes law have become rare, Congress has yet to repeal that law. Further, as the Government points out, the applicable guidelines range at this time—given Bell's underlying predicate offenses—would still include life imprisonment.

**B. Sentencing Factors**

The Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A). The § 3553(a) factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense."

Even if Bell met the high burden for compassionate release, the § 3553(a) factors weigh against granting release. Bell argues that the "overarching factor" in this analysis is whether his mandatory life sentence is consistent with these factors. Mot. at 5. While Bell argues that his sentence is "excessive" in light of his "history and characteristics," he has failed to articulate an adequate basis for finding that these factors support a sentence reduction.

The facts of Bell's offenses are troubling. He and his co-conspirators committed an armed robbery of a bank, during which they brandished firearms and held bank employees at gunpoint. They proceeded to flee in a carjacked vehicle, then divided up the money obtained in the robbery. Days later, Bell was arrested during a traffic stop with over $5,000 in cash on his person and a search on his residence turned up firearms, ammunition, ballistic vests, and more cash. Moreover, this robbery was far from Bell's only offense. It is undeniable that Bell has a lengthy criminal history including previous periods of incarceration which apparently did not

deter him from continuing to commit violent robberies. Granting a sentence reduction at this time would fail to reflect the need for both punishment and deterrence.

II.

For the foregoing reasons, Bell's Motion for Compassionate Release is **DENIED.**

A separate Order will **ISSUE.**

Date: November 23, 2021

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE