IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GIOVANNI BELL,<br><br>Petitioner. | Crim. No. **07-160-PJM-1**<br>Civil No. **21-648-PJM** |
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RICHOL GRINER,<br><br>Petitioner. | Crim. No. **07-160-PJM-3**<br>Civil No. **16-2144-PJM** |
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TIMOTHY SLOBIG,<br><br>Petitioner. | Crim. No. **07-160-PJM-4**<br>Civil No. **16-1682-PJM** |

**MEMORANDUM OPINION**

Giovanni Bell, Richol Griner, and Timothy Slobig (collectively, "Petitioners") have each filed a Motion to Vacate their convictions pursuant to 28 U.S.C. § 2255.[1] The Court has chosen to address all three Motions in a single opinion because Petitioners' convictions stem from the same

---

[1] Bell's Motion is ECF No. 387. Griner's Motion is ECF Nos. 370, 371, and 380. Slobig's Motion is ECF Nos. 367, 369, 374, and 383.

1

indictment, their Motions raise identical arguments, and the Court's reasoning as to all three is, for all intents and purposes, essentially the same. No hearing is necessary. *See, e.g., United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). For the reasons that follow, the Court **DENIES** the Motions to Vacate.

## I. BACKGROUND

In connection with a February 2007 bank robbery, Petitioners were charged with conspiracy to commit bank robbery (Count One), armed bank robbery (Count Two), and brandishing a firearm in connection with a "crime of violence," in violation of 18 U.S.C. § 924(c) (Count Three). Slobig pled guilty to armed bank robbery and brandishing a firearm and was sentenced to a total of 141 months imprisonment. Bell and Griner, however, pled not guilty and were ultimately convicted by a jury on all three counts.[2] The Court sentenced Bell to life imprisonment and Griner to 384 months.

Between 2016 and 2021, Petitioners filed separate Motions to Vacate citing intervening changes in the law.[3] Each Petitioner asks the Court to strike his conviction for brandishing a firearm on the grounds that it may have been based on the charge for conspiracy to commit bank robbery, which is no longer considered a "crime of violence." The Court held Petitioners' Motions in abeyance pending the outcome of potentially dispositive cases on appeal to the Fourth Circuit. ECF Nos. 382, 385, 418. As those cases have now been decided, the Court rules on the pending Motions.

---

[2] Bell was also convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of being a violent felon in possession of body armor in violation of 18 U.S.C. § 931. ECF No. 160.

[3] Slobig and Griner filed their original Motions to Vacate in 2016 following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF Nos. 367, 369, 371. They supplemented their Motions between 2019 and 2020, following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). ECF Nos. 373, 374, 380, 383. Bell filed his Motion in 2021. ECF No. 387.

2

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (citing 28 U.S.C. § 2255). A petitioner bears the burden of proof and must establish the claim by a preponderance of the evidence. *United States v. Wilson*, No. CR TDC-95-0493-02, 2021 WL 5826376, at *2 (D. Md. Dec. 8, 2021) (citing *Miller v. United States*, 261 F.2d 546, 574 (4th Cir. 1958)).

## III. DISCUSSION

Each Petitioner contends that his § 924(c) conviction must be vacated because it arguably rests on the invalid predicate offense of conspiracy. Brandishing a firearm violates § 924(c) if done in conjunction with a "crime of violence." At the time of Petitioners' convictions, a "crime of violence" was defined as a felony that either: (A) "has as an element the use, attempted use, or threatened use of physical force" (referred to as the "force" or "elements" clause); or (B) "that by its nature, involves a substantial risk that physical force [ ] may be used" (referred to as the "residual" clause). 18 U.S.C. § 924(c)(3). Of particular relevance to Petitioners' arguments, both armed bank robbery and conspiracy to commit bank robbery were considered "crimes of violence": armed bank robbery under the "force" clause, and conspiracy under the "residual" clause.

But in 2019, the Supreme Court struck down the "residual" clause of § 924(c) as being unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019). Soon after, the Fourth Circuit confirmed that conspiracy could not be considered a "crime of violence" under the "force" clause of § 924(c). *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019). As a result, conspiracy became an invalid predicate. *Simms*, 914 F.3d at 233. That posed a potential

complication for Petitioners, who had been convicted of both valid and now-invalid predicates. Petitioners' trial records are ambiguous as to whether they were convicted under § 924(c) based on armed bank robbery, still a valid predicate, or conspiracy, which is now an invalid one. Thus, Petitioners argue, the Court is obligated to assume their convictions were based on the lesser, now invalid predicate offense of conspiracy. *See United States v. Chapman*, 660 F.3d 771, 774 (4th Cir. 2012).

Between the filing of Petitioners' Motions and the present, however, the Fourth Circuit has clarified that ambiguity as to the predicate alone is not enough. *See United States v. Crawley*, 2 F.4th 257 (4th Cir 2021); *United States v. Ali*, 991 F.3d 561 (4th Cir. 2021); *United States v. Said*, 26 F.4th 653 (2022). Instead, a petitioner must show "more than a reasonable possibility" that the jury found him guilty under § 924(c) based *only* on an invalid predicate. *Said*, 26 F.4th at 661–62. Petitioners have not satisfied this standard.

The outcome of Slobig's Motion is inarguably clear. He pled guilty to armed bank robbery and brandishing a firearm, not to conspiracy. Thus, there is no conceivable ambiguity in his record: his § 924(c) conviction unambiguously rests on the valid predicate offense of armed robbery. His Motion is therefore **DENIED**.

As to Bell and Griner, there is no evidence in the record that the jury based their § 924(c) convictions *only* on the conspiracy charge. To the contrary, the fact that the jury convicted them of armed bank robbery strongly suggests that it relied, at least partially, on the valid predicate for the § 924(c) conviction. *Said*, 26 F.4th at 659 (holding that "a § 924(c) conviction may stand even if the jury based its verdict on an invalid predicate, so long as the jury also relied on a valid predicate") (citing *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016); *Crawley*, 2 F.4th at 263). That, in

4

the Court's view, is enough to sustain their convictions. Accordingly, their Motions are also **DENIED**.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that none of the Petitioners have made the requisite showing.

## V. CONCLUSION

For the foregoing reasons, the Motions to Vacate of Bell (ECF No. 387), Griner (ECF Nos. 371, 373, 380), and Slobig (ECF Nos. 367, 369, 374, 383) are **DENIED**, and the Court **DENIES** a certificate of appealability as to each Petitioner.

A separate order will **ISSUE**.

Date: October 11, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE